**WATERWAYS HARBOR INVESTMENT COMPANY, Inc., et al., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 19982.**

United States Court of Appeals, Sixth Circuit.

Aug. 3, 1970.

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

Fred C. DeLong, Jr., and Roy D. Campbell, Jr., Greenville, Miss. (Campbell, De-Long, Keady & Robertson, Greenville, Miss., John S. Montedonico, Daniel D. Canale, Montedonico, Gilliland, Heiskell, Davis, Canale & Glankler, Memphis, Tenn., on the brief), for petitioners.

Angelo Arcadipane, National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John I. Taylor, Ronald Greenberg, Attys., National Labor Relations Board, Washington, D. C., on the brief), for respondent.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

## PER CURIAM ORDER

This case is before the Court upon the petition of the petitioners to review and set aside an order of the National Labor Relations Board issued against them on October 31, 1969. The Board has filed a cross-application for enforcement. The Board's decision and order are reported at 179 NLRB No. 72.

Petitioners are seven corporations whose stock is owned by a single individual and which have common officers and directors and which constitute a single integrated enterprise with a common labor policy formulated and administered by the same persons. Three of the corporations are holding companies and four operating companies and the general nature of the business involves meeting towboats plying the Mississippi River near Memphis, Tennessee, and in midstream supplying them with fuel, oil, lubricants, marine hardware, rope, rigging, meat, groceries, and other provisions.

The Board found that petitioners violated Section 8(a) (3) and (1) of the National Labor Relations Act, as amended (29 U.S.C. § 151, et seq.; hereinafter the "Act") by discharging Harbor Service deckhands James Belcher, Jerry Edington, Lucky Ellison, William Worley and Oil Company deckhand Ben Scott because of their union activities. It also found violations of Section 8(a) (1) of the Act by threatening employees with discontinuance of its operation and by interrogating employees regarding their union activities. The Board's order directed petitioners to cease and desist from the unfair labor practices found and required that petitioners offer Scott immediate and full reinstatement with the Oil Company. It further required petitioners to offer Belcher, Edington, Ellison and Worley equivalent jobs, and to post appropriate notices.

The cause having come on to be heard upon the record and the briefs and argument of counsel, and upon due consideration thereof the Court is of the view that there is substantial evidence in the record, taken as a whole, to support the Board's finding of a violation of Section 8(a) (1) and 8(a) (3) with respect to the discharge of Scott, but that there is not such evidence in the record to support the order with respect to Belcher, Edington, Ellison and Worley. Accordingly,

It is ordered that enforcement of that portion of the order of the Board which requires the offering of equivalent jobs by petitioners to Belcher, Edington, Ellison and Worley, be and it hereby is denied, and that enforcement of the balance of the order be and it hereby is granted.